**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| M K Investments, Inc. | ) | Case No.: 13-04505-hb |
| | ) | |
| | ) | |
| Debtor. | ) | |

**ORDER ESTABLISHING BIDDING AND OTHER**
**PROCEDURES IN CONNECTION WITH THE SALE OF DEBTOR'S ASSETS**

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby **ORDERED**.

**FILED BY THE COURT**
**12/31/2013**



US Bankruptcy Judge
District of South Carolina

Entered: 12/31/2013

1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| M K Investments, Inc. | ) | Case No.: 13-04505-hb |
| | ) | |
| | ) | |
| Debtor. | ) | |

**ORDER ESTABLISHING BIDDING AND OTHER**
**PROCEDURES IN CONNECTION WITH THE SALE OF DEBTOR'S ASSETS**

THIS MATTER came before the Court on Trustee's Ex Parte Motion for Order Establishing Bidding and Other Procedures in Connection with the Sale of the real property commonly known as the Comfort Inn—Carowinds located at 3725 Avenue of the Carolinas, Ft. Mill, South Carolina 29708 (the "Real Property") and the rents and profits generated therefrom and related personal property (collectively, the "Property") ("Bidding Motion"), filed December 27, 2013. In a separate motion, the Trustee proposes to sell the Real Property and other Property to Kalpesh Patel or his assigns ("Buyer"), for a purchase price of $4,100,000.00, subject to higher or otherwise better offers, with such sale being free and clear of all liens, claims, encumbrances, and other interests, pursuant to §§ 105 and 363(f) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

Trustee requests entry of an order (i) establishing bidding procedures in connection with the sale to Buyer.

It appearing that that the proposed bidding procedures are commercially reasonable and will facilitate the sale process and maximize the value of the assets for the estate, and it appearing that the relief requested in the Bidding Motion is in the best interests of the estate, it is hereby,

ORDERED, ADJUDGED and DECREED as follows:

1. The Motion is granted in all respects.

2. The following bidding procedures are approved:

    (a) Any bid from any persons or entity other than Buyer to purchase the Assets, in order to be a qualifying bid (a "Qualified Competing Bidder" and a "Qualified Competing Bid"), shall:

        (A) be in writing and signed by the person or entity submitting the bid;

        (B) contain terms and conditions that are substantially similar in all material respects to the Sale Agreement, other than the identity of the buyer and the

    amount of the purchase price;

    (C) accompanied by a written acknowledgment and agreement that the terms of the bid are substantially similar in all material respects to the Sale Agreement, except for the identity of the bidder and the Purchase Price, and that the Qualified Competing Bidder, should it be declared the winning bidder, will enter into with the Trustee a sale agreement confirming the terms of such winning bid;

    (D) exceed the purchase price by at least Ten Thousand and no/100 ($10,000) dollars;

    (E) include satisfactory evidence of the financial ability of the Qualified Competing Bidder to consummate the purchase for cash;

    (F) include a deposit of Fifty Thousand and no/100 ($50,000) dollars in certified funds payable to the trust account of McCarthy Law Firm, LLC, counsel for the Trustee, which shall be deemed non-refundable as of January 20, 2013; and

    (G) be received by Trustee, Debtor, Buyer, Presidential Bank FSB, the U.S. Trustee, and any committee appointed in this matter (collectively "Interested Parties") no later than four (4) days prior to the scheduled hearing on the Sale Motion.

No bid shall be considered by the Trustee, after consultation with the Interested Parties, or the Court unless it is a Qualified Competing Bid and no bidder shall be permitted to participate in the auction process unless it is a Qualified Competing Bidder. The Interested Parties reserve the right to object to any bid being deemed a "Qualified Competing Bid."

    (b)    Upon receipt of any Qualified Competing Bid as described in Section 2(a) above, Buyer shall have the unconditional right to submit an overbid by delivering to the Trustee and the Interested Parties no later than the beginning of the hearing on the Sale Motion to be scheduled in this matter by the Court (the "Sale Hearing"), two signed copies of an amendment to the Sale Agreement in which the purchase price set forth therein exceeds the purchase price offered by the Qualified Competing Bidder pursuant to Section 2(a) above by a minimum of Five Thousand and no/100 ($5,000) ("Higher Offer"). However, any Higher Offer of Buyer shall be subject to Trustee's acceptance, after consultation with the Interested Parties, of a still higher and better bid submitted during the Sale Hearing in compliance with this section; provided, however, that such higher and better bid shall equal the sum of: (i) the Higher Offer by Buyer; plus (ii) an additional amount of at least Five Thousand and no/100 ($5,000) (a "Yet Higher Offer"). In the event of a Yet Higher Offer, the process set forth in the immediately proceeding sentence shall continue, with Buyer and each Qualified Competing Bidder having the continuing right to submit an overbid and repeat, with Buyer and each Qualified Competing Bidder having the continuing right to submit overbids, unless and until such time as Buyer and any other Qualified Competing Bidders elect not to make a further overbid.

    (c)    In the event that a Qualified Competing Bidder is received, Trustee will request the Court to approve a "back up" bid. If the successful bidder is unable to close the sale within the time required for the closing by the Sale Agreement, the successful bidder shall forfeit its deposit made pursuant to Section 2(a)(F) above, and Debtor shall close the sale of the Assets to

the "back up" bidder without the necessity of obtaining another order from this Court.

(d) The deposit made by any Qualified Competing Bidder, pursuant to Section 2(a)(F) above, who is not either the successful purchaser of the Assets or the "back up bidder" shall be returned to such Qualified Competing Bidder within three (3) business days after the Sale Hearing. The deposit made by any Qualified Competing Bidder that is designated as a "back up" bidder shall be returned to such Qualified Competing Bidder within three (3) business days after the closing of the sale of the Assets to the winning bidder.

(e) Acceptance by Trustee, after consultation with the Interested Parties, of a Qualified Competing Bid as a winning bid or a back-up bid shall, in all respects, be subject to the entry of the sale order by the Bankruptcy Court authorizing Trustee to consummate the sale.

(f) If a Qualified Competing Bid is accepted by Trustee, after consultation with the Interested Parties, as the winning bid or back-up bid, those Qualified Competing Bids shall remain open and irrevocable through closing of the sale of the Assets.

(g) Any dispute regarding any aspect of the foregoing bidding procedures shall be resolved by the Bankruptcy Court.

3. The Trustee shall serve this Order (unless the bidding procedures contained herein have already been served) and the Sale Motion on the Debtor, all creditors, and parties in interest and any other entities that have shown an interest in purchasing the Assets.

AND IT IS SO ORDERED.

4